### LIBERA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1924.)

No. 4168.

1. **Criminal law ⊜⟶1169(3)—One admitting all facts testified to by raiding officers cannot complain search warrant illegal.**

One taking stand and admitting every material fact testified to by raiding officers is in no position to claim that incompetent testimony obtained on illegal search was admitted.

2. **Criminal law ⊜⟶1137(8)—Defendant cannot complain of reference by prosecuting attorney to change of plea, where first called to attention of jury by own counsel.**

Defendant cannot complain of reference by prosecuting attorney to defendant's change of plea from guilty to not guilty, where the fact was first called to attention of jury by defendant's counsel.

In Error to the District Court of the United States for the First Division of the Northern District of California.

Fred Libera was convicted of unlawful possession of a still and maintenance of common nuisance, and brings error. Affirmed.

Edward A. O'Dea, of San Francisco, Cal., for plaintiff in error.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.RUDKIN, Circuit Judge. The amended information in this case contains four counts—the first; charging the unlawful possession of a still designed for the manufacture of intoxicating liquor; the second, charging the maintaining of a common nuisance; the third, charging the unlawful possession; and the fourth, the unlawful sale of intoxicating liquor. A judgment of conviction on the first three counts is now before us on writ of error.

[1] Before the trial the plaintiff in error petitioned the court for the return of property seized under a search warrant, on the ground that the search was unauthorized and illegal. The search warrant was of doubtful validity, because of a mistake in the name of the street and in the name of the owner or occupant of the premises; but the plaintiff in error took the witness stand in his own behalf, and admitted the possession of the still and the possession of the intoxicating liquor, as charged. In short, he admitted every material fact testified to by the raiding officers, and is now in no position to claim that incompetent testimony was admitted to establish facts testified to by himself.

[2] A plea of guilty was first interposed, but later that plea was withdrawn, by leave of court, and a plea of not guilty substituted. The plaintiff in error contends that the court below erred in permitting the attorney for the government to comment upon the change of pleas; but here again he is met with the answer that the fact that a plea of guilty had been entered was first called to the attention of the jury by his own counsel.

The objections to the charge of the court are without merit, and, finding no prejudicial error in the record, the judgment is affirmed.