**McFARLAND v. UNITED STATES.**

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926. Rehearing Denied April 5, 1926.)

No. 4706.

Criminal law ⬦⟜1169(3)—Alleged incompetency of evidence, arising from alleged unlawful search, to prove admitted facts, held not grounds for complaint.

Where defendant, attacking legality of search by prohibition agent, admitted that testimony of agent as to finding of still in operation, mash, and brandy was true, he could not thereafter insist that search was illegal, and that evidence of facts admitted was incompetent.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Robert McFarland was convicted of violating the prohibition law and he brings error. Affirmed.

Frank J. Hennessy, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is a writ of error to review a conviction under four counts of an information charging, respectively, possession of certain property designed for the manufacture of liquor, maintenance of a common nuisance, the manufacture of liquor, and unlawful possession of certain intoxicating liquor.

A day before the trial the court overruled a motion to suppress certain evidence. In support of the motion defendant filed an affidavit setting forth that the premises where the seizure was made constituted his residence, that no sales of liquor had been made therein, and that immediately before his arrest federal agents, without a search warrant, entered his home and without right made a search and seizure of property therein.

Upon the trial, Powers, a prohibition agent, testified that, having had complaint about the premises, he went to the place described in the information; that as he approached he detected plainly the odor of fermenting boiling mash; that he saw a number of grease marks in the passageway going into the premises; that an agent, Lee, went to the front door, while witness went to the back door; that he knocked at the back door, and the door was opened by the mother-in-law of the defendant, that he asked her about the still, and she replied, "Well, I am not running it;" that he asked her where the key was, and she said, "My son-in-law has the key."

Witness continued: "We walked upstairs. Defendant was sitting in the parlor with his wife. * * * I asked him for the key. I told him to stand up and we searched him, and found the key. We went down stairs, and in the basement we found the still; one 50-gallon still set up and in operation; 100 gallons of mash; 105 gallons of jackass brandy. * * * We questioned the defendant. He admitted that he was operating the still for about two weeks; * * * that his wife just came out of the hospital, and if we would not arrest his wife, or cite her in, or the old mother-in-law, he would plead guilty as soon as he could come before the court. He also told us he was selling the jackass brandy for $5 or $6 a gallon. We did not take the wife or the mother-in-law. We arrested defendant." Upon cross-examination witness repeated many of the circumstances, and said he placed defendant under arrest before entering the still room.

The court said that the question whether or not the search was legal was for the court, and not for the jury, and that the only matters for the jury were whether there was a still there, whether it was running, whether there was jackass brandy there, and whether it was there for the purpose of sale. Counsel for defendant then said that, for facilitating the trial, "we will admit there was a still there. We will admit that these matters were found there. It is a matter of common sense. Our entire objection goes to the illegality of the search. Therefore there is hardly any sense of pursuing this inquiry further, or proceeding with the case further. We will stipulate that Mr. Powers' testimony is absolutely true and correct."

The district attorney then said he took it that the stipulation was tantamount to a plea of guilty, whereupon counsel for defendant said it was not tantamount to a plea of guilty. Thereupon the court stated that defendant wished to save his point, meaning, we take it, the point that the prohibition agent had no right to make the arrest or to search the premises. The court thereupon charged the jury. No exceptions were taken to the charge, and a verdict of guilty was rendered. Motion in arrest of judgment was overruled, and defendant was sentenced.

We think the admission on the trial of the defendant rendered questions with respect to the entry into the house and the arrest of the defendant and the search and seizure immaterial, for the admitted facts were that defendant had the still and the mash and the liquor found by the prohibition agent, and that he was selling jackass brandy. Libera v. United States (C. C. A.) 299 F. 300; Temperani v. United States (C. C. A.) 299 F. 365.

Every material fact testified to by the witness Powers having been admitted by defendant in court on the trial, he cannot now say that incompetent evidence was allowed to prove those facts. See above cited cases.

The judgment is affirmed.