## LUCCIONI et al. v. UNITED STATES.
### No. 5612.

Circuit Court of Appeals, Sixth Circuit.
June 13, 1930.

Donald C. Van Buren, of Cleveland, Ohio (James L. Lind, of Cleveland, Ohio, on the brief), for appellants.

M. J. Wolpaw, of Cleveland, Ohio (Wilfred J. Mahon, of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

Appellants were indicted upon three counts. The first was against both and alleged the possession of liquor; the second was against Courbis alone and charged a sale of liquor by him; and the third against both, alleged the maintaining of a nuisance under the National Prohibition Act, tit. 2, § 21 (27 USCA § 33). A verdict for defendants was directed upon the first count; and they were found guilty, as charged, on the second and third counts. Their chief meritorious contention is that the evidence did not justify conviction for the nuisance.

Luccioni was the general manager of a large restaurant in Cleveland. Courbis was a waiter. The testimony of the prohibition agent was direct and positive that he and his companion bought whisky in this restaurant from the waiter at the beginning and again at the end of a meal; that the manager was moving about among the tables and generally supervising; that he came to this table and saw the empty cups after the first drinks had been consumed; and that he was standing ten feet away looking at these customers when the second drinks were served to them. This proof was clearly sufficient, if believed, to justify convicting the waiter for the sale; but it is said to be insufficient to establish a nuisance. The cases are familiar which hold that while one sale does not constitute a nuisance, it may be evidence which, taken with all the circumstances, will support the jury's conclusion that the place was one where liquor was kept for sale. Miller v. U. S. (C. C. A. 6) 300 F. 529, 537; Schechter v. U. S. (C. C. A. 2) 7 F.(2d) 881, 882.

Aside from the positive testimony as to the observation of the sale by the manager, the jury had proof before it that the waiter passed the whisky orders on to the kitchen, and the drinks were sent in to him on a tray as if according to custom, and that the price was included in the check which the visitors paid to the cashier in the usual way. Not only did the manager testify that he exercised close supervision and knew what was going on, but a jury may rightly infer that sales procured in this matter of course way and paid for to the cashier, are not likely to occur unless they are customary and with the knowledge and approval of the manager. The evidence was clearly enough to go to the jury. If the place was of the general high character now claimed, and if the verdict was

so against all probabilities as to be shocking to the extent now urged, the district judge would probably have corrected the injustice by granting a new trial; but this was refused.

The other matters urged either involve no plausible claim of error or were not preserved for review by the necessary objection and exception.

█ Upon the charge to the jury, the judge stated that he had been obliged to suppress all evidence as to the finding of a quantity of wine in the restaurant, because there had been insufficient search warrants, and he therefore instructed a verdict for defendants on count one. It is now said that this was very prejudicial to defendants under counts 2 and 3, because it gave the jury to understand in this connection that a quantity of wine had been there found. When the objection is pointed out, it is easy to see that the reference was prejudicial and should not have been made; but it was so incidental and casual that no one observed its prejudicial character; no objection was made nor exception saved, nor was there any assignment of error based thereon. In that state of the record, complaint is not now open.

The judgments are affirmed.