## COMERIATO v. UNITED STATES.

### No. 3282.

Circuit Court of Appeals, Fourth Circuit.

April 26, 1932.

J. Raymond Gordon, of Charleston, W. Va. (Edward S. Sheck, of Akron, Ohio, on the brief), for appellants.

James Damron, U. S. Atty., of Huntington, W. Va. (Okey P. Keadle and Philip Angel, Asst. U. S. Attys., both of Huntington, W. Va., on the brief), for the United States.

Before PARKER and SOPER, Circuit Judges, and PAUL, District Judge.

PARKER, Circuit Judge.

This is an appeal by Sam Comeriato, Tony Comeriato and William E. Roy, who, with a number of others, were convicted in the court below of a violation of section 37 of the Penal Code (18 USCA § 88) in conspiring to transport intoxicating liquors from Akron, Ohio, to Charleston, W. Va., and there store and sell same in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). The assignments of error raise three points which are stressed upon the appeal: (1) That the evidence was not sufficient to show that the appealing defendants were guilty of the conspiracy charged; (2) that the court should have in-

structed the jury that the Comeriatos were entitled to acquittal upon a finding that they sold the liquor which was the subject of the conspiracy at their home in Ohio and had no interest in or control over it thereafter; and (3) that the United States Attorney made improper remarks in presenting the case to the jury which were prejudicial to the defendants.

■ On the first point the evidence showed beyond question that a conspiracy existed for the transportation of liquor on a large scale from Akron to Charleston and for the illicit sale of same at the latter city. Liquor to the value of many hundreds of dollars was transported pursuant to this conspiracy, and there can be no question but that the defendant Roy participated in the transportation of same in connection with one Waugh, who was shown to be the head and front of the conspiracy. The liquor was sold to Waugh and his agents by the Comeriatos, who did business at Akron, and who were paid by telegraphic money orders sent from Charleston. The evidence amply sustains the conclusion that they knew that a conspiracy existed to carry on the unlawful traffic, and that, with such knowledge, they furnished to the conspirators the liquor which was transported and sold. They thereby made themselves parties to the conspiracy and were equally guilty with the other conspirators. Simpson v. United States (C. C. A. 4th) 11 F.(2d) 593. In the case cited we held that one who had knowledge that a conspiracy existed to transport liquor made himself a party to the conspiracy by furnishing an automobile to be used in the transportation. The same rule applies in the case of one who furnishes liquor to conspirators to be used in furtherance of the conspiracy.

■ And it makes no difference that one who so furnishes the liquor to conspirators sells same to them and has no further interest therein after delivery. He aids in carrying out the conspiracy by furnishing the liquor to the conspirators whether he sells it to them or not; and, if he knows of their unlawful design, he makes himself a party to the conspiracy as completely as if he personally participated in the transportation and sale.

It is, of course, immaterial whether or not he share in the profits of the conspiracy. In the case of a sale of liquor to be used in furtherance of a conspiracy, however, he does profit from the conspiracy by reason of the sale. The case of Norris v. United States (C. C. A. 3d) 34 F.(2d) 839, has no application here. That case held that conspiracy to transport liquor in violation of law could not be predicated of the agreement between a buyer and seller merely because such an agreement contemplated a transportation as incidental to the sale. Here the facts show, not a purchase and sale with incidental transportation, but a conspiracy to transport and sell in violation of law and sales by the Comeriatos in aid and furtherance of the conspiracy. The requested instruction was therefore properly refused.

■ The point as to the remarks of the district attorney is without merit. It appears that, in answer to an argument of one of counsel for defendants to the effect that the defendants had not perjured themselves, the district attorney said that the statement of counsel was true because defendants had not testified. This, of course, was comment on the failure of defendants to testify, but it was made in answer to counsel for defendants who injected the matter into the argument. If there was any impropriety in the argument under these circumstances, it was cured by the action of the presiding judge, who immediately cautioned the jury that the failure of defendants to testify was not to be considered against them. We have examined the other criticisms of the language of the district attorney and of the trial judge, and think that they are so lacking in merit as not to warrant discussion. Considerable feeling seems to have been engendered between counsel during the trial, and the district attorney, not without provocation, used some language which he should not have used, but a careful examination of the record convinces us that no prejudice resulted to the cause of the defendants.

There was no error, and the judgment below will be affirmed.

Affirmed.