## MASON v. UNITED STATES.
### No. 8487.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1938.

Strickland, Elisha Taylor, and Ance Mason, charging various violations of the federal liquor laws. The first count charged unlawful possession of 12 gallons of moonshine whisky in unstamped containers. The other counts charged unlawful possession of distilling apparatus and carrying on the business of distiller without complying with the law in various particulars. The first three named defendants pleaded guilty. Appellant, Mason, was convicted on a plea of not guilty. A general sentence of nine months in jail was imposed.

There are twenty-two assignments of error. Three run to the refusal of the court to direct a verdict of not guilty. Thirteen run to the admission or rejection of evidence. Three run to the refusal of the court to give special charges requested. One is to the overruling of a motion for a new trial and two are on the ground that the court should not have received the verdict and the sentence was illegal.

Evidence in the record shows with certainty the following facts. A large still was in operation on Snapper Creek about two miles south of Miami. It was raided by federal officers and Lonnie and Clyde S. Strickland and Elisha Taylor were arrested at the still at that time. Appellant was not present. On the still premises were 12 gallons of whisky in unstamped containers and 1650 gallons of mash.

Lonnie and Clyde S. Strickland testified for the Government. The substance of their evidence was they were employed by Mason to operate the still for him; that he transported the parts of the still to the place where it was set up and assisted in building it; that he received and carried away at different times quantities of whisky made therein; that Taylor was brought to the still by Mason two or three days before it was raided. There was other evidence tending to show that Mason had manufactured parts of the still at his home and had driven away with them in his truck. Mason denied that he owned the still, had anything to do with its operation or with the installment, or that he had employed the Stricklands or Taylor. Taylor was introduced as a witness for defendant and testified that while he was working for Frank Hoffman he was employed by Clyde S. Strickland, first to pick tomatoes, and Strickland, later and against his will, induced him to work at the still; and that he did not know Mason until after the still was raided. While this testimony was in sharp

R. A. Hendricks, of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Lloyd C. Hooks, Asst. U. S. Atty., of Miami, Fla.

Before FOSTER and HUTCHESON, Circuit Judges, and BORAH, District Judge.

FOSTER, Circuit Judge.

An indictment in seven counts was returned against Lonnie Strickland, Clyde S.

conflict, it cannot be said that there was not enough substantial evidence before the jury to support the verdict. It was not error to deny the motion for verdict.

■ The assignments running to the admission and exclusion of evidence are based entirely on technicalities. While Clyde S. Strickland was on the stand he was asked on cross-examination whether he had ever before been indicted in the United States court for violation of the liquor laws and again whether any such charge had been made against him. On objection of the United States attorney he was not permitted to answer the questions. However, he testified that he had "once been caught" and had served three months. The contention of appellant is that this evidence was for the purpose of impeaching the witness' credibility. No attempt was made to show that his general reputation for truth and veracity was bad. Error is not shown by these assignments.

■ After Taylor had testified the Government offered in rebuttal a statement he had made when first arrested. This was objected to on the ground that the statement was not properly identified. The objection was overruled and it was admitted. The statement is not substantially different to the testimony of Taylor on the stand and did not tend to show guilt in Mason. Conceding that its admission was error, it was harmless and not prejudicial to substantial rights of appellant. 28 U.S.C.A. § 391.

The other objections to the admission of exclusion of testimony are entirely without merit and require no discussion.

■■ The contention of defendant is that Clyde S. Strickland was guilty of perjury and his testimony was not worthy of belief. The court, in substance, charged the jury that if they concluded a witness had testified falsely to a material fact in the case, they might disregard his testimony altogether, but they were not bound to do so if they considered part of his testimony true, and, further, that the defendant did not have to be at the place where the crime was committed in order to make him guilty; that he could hire another man to run the still for him and yet if it was his still he would be as guilty as if he were actually running it. The court gave a number of special charges requested and those denied, so far as they correctly stated the law, were covered by the general charge. There was no objection to any part of the general charge. The charge given was correct in law and left the facts entirely to the jury to find. Three of the counts standing alone would support the sentence. Other errors assigned are also entirely without merit and require no discussion.

■ After the appeal was taken defendant filed a motion in this court to have the case remanded to permit the District Court to consider a motion for a new trial on the ground of newly discovered evidence. The motion was supported by the affidavits of Frank Hoffman and his wife. They tend to show that Elisha Taylor and his wife lived about 100 yards from the Hoffmans and worked for them; that Clyde S. Strickland before he employed Taylor went to Hoffman's house and asked him if he had any objection to letting Taylor help him gather his tomatoes for a few days and he consented; that Taylor came to him and told him Clyde S. Strickland wanted him to work for him in his still and that he had gone there and worked on Friday; that he told Taylor he had been making an honest living and why not continue to do so, and his advice would be not to work at the still longer or go back to the still; that Taylor said he would not go back to the still; that Clyde S. Strickland, with his brother, came to his house and cursed him, threatened him with a pistol, and told him not to interfere with his business. By counter affidavits it was shown that both Hoffman and his wife were present in court on at least two days of the trial and made inquiry as to whether they would be wanted as witnesses. It is shown by the charge of the court that the fact that neither of the Hoffmans was called as a witness was commented on by both counsel for the Government and the defendant in argument to the jury.

The testimony of the Hoffmans, if admitted, would have no effect except to show by inference that Taylor was not taken to the still by Mason but was employed directly by Clyde S. Strickland and would be merely cumulative. The conclusion is inescapable that defendant knew these witnesses were available while the trial was in progress. The evidence would not tend to prove any relevant fact not previously testified to and could not be considered newly discovered. The motion to remand is entirely without merit and is denied.

The record presents no reversible error.

Affirmed.