## UNITED STATES v. WERNECKE.

No. 8329.

Circuit Court of Appeals, Seventh Circuit.

Nov. 5, 1943.

Rehearing Denied Dec. 2, 1943.

Theodore W. Miller and Ode L. Rankin, both of Chicago, Ill., for appellant.

J. Albert Woll and Richard G. Finn, U. S. Attys., and John Owen, Asst. U. S. Atty., all of Chicago, Ill., for appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The defendant-appellant registered under and was subject to the Selective Training and Service Act of 1940. In the case at bar, he was charged in two counts with the violation of Section 311, 50 U.S.C.A. Appendix.[1]

In the first count it was charged as follows: " * * * did unlawfully, knowingly, wilfully, and feloniously fail and neglect to perform a certain duty which he then and there was required to perform by the provisions of the Selective Training and Service Act of 1940, as amended, and the rules and regulations thereunder, which said duty the said defendant did then and there unlawfully, knowingly, wilfully, and feloniously fail and neglect to perform was the duty of making true and correct answers to the questions contained in the questionnaire executed by the said defendant on May 12, 1941 * * *"

The other count charged as follows: " * * * did unlawfully, knowingly, wilfully and feloniously evade and attempt to evade service in the land or naval forces by falsely assuming and pretending to become a minister of religion * * *"

No motion to quash or for a bill of particulars or a demurrer was filed by the defendant. At the conclusion of the Government's evidence, the defendant filed a motion for a directed verdict and also motions to strike each count of the indictment, but gave no reasons for the motions to strike. The District Court overruled all three motions, and the jury returned a verdict of guilty. From judgment upon such verdict, the defendant has appealed.

■■■ The first error urged is that each count of the indictment is bad. As to the first count, counsel for the defendant admits that it charges the offense in the terms of the statute and that such an indictment may be good unless an element of the offense is charged by the use of generic terms, such as the word "duty" in the first count, in which case the indictment must set forth what the "duty" was. We think the first count sufficiently charges the offense in the terms of the statute and sufficiently alleges what that duty was. The duty was to make true answers to the questions in a questionnaire executed by the defendant. If he had any doubt as to the matter, he should have asked for a bill of particulars. This is not a case where the indictment fails to set forth an essential element. It is a case where the element is not set forth with sufficient particularity. The defendant, without challenging the sufficiency of the indictment which charged all the elements of the offense and without requesting a bill of par-

---

[1] "§ 311. Offenses and punishment.

"Any person charged as herein provided with the duty of carrying out any of the provisions of this Act, or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty, and any person charged with such duty, or having and exercising any authority under said Act, rules, regulations, or directions who shall knowingly make, or be a party to the making, of any false, improper, or incorrect registration, classification, physical or mental examination, deferment, induction, enrollment, or muster, and any person who shall knowingly make, or be a party to the making of, any false statement or certificate as to the fitness or unfitness or liability or nonliability of himself or any other person for service under the provisions of this Act, or rules, regulations, or directions made pursuant thereto, or who otherwise evades registration or service in the land or naval forces or any of the requirements of this Act, or who knowingly counsels, aids, or abets another to evade registration or service in the land or naval forces or any of the requirements of this Act, or of said rules, regulations, or directions, or who in any manner shall knowingly fail or neglect to perform any duty required of him under or in the execution of this Act, or rules or regulations made pursuant to this Act, or any person or persons who shall knowingly hinder or interfere in any way by force or violence with the administration of this Act or the rules or regulations made pursuant thereto, or conspire to do so, shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment, or if subject to military or naval law may be tried by court martial, and, on conviction, shall suffer such punishment as a court martial may direct. No person shall be tried by any military or naval court martial in any case arising under this Act unless such person has been actually inducted for the training and service prescribed under this Act or unless he is subject to trial by court martial under laws in force prior to the enactment of this Act. Precedence shall be given by courts to the trial of cases arising under this Act."

564

ticulars if the charge in general, broad terms were not sufficient, and without any showing that he had been misled, surprised, or prejudiced by the form of the indictment, went to trial and had his chance with the jury. Under such circumstances, it is our duty to sustain the indictment. 18 U,S.C.A. § 556; Lamar v. United States, 241 U.S. 103, 116, 36 S.Ct. 535, 60 L.Ed. 912; Dunbar v. United States, 156 U.S. 185, 192, 15 S.Ct. 325, 39 L.Ed. 390; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 480, 40 L.Ed. 606.

What we have said as to the sufficiency of the first count applies to the other count.

■ At the time the defendant was arrested, the arresting officers entered his home and searched the premises, and took certain envelopes and papers that had been furnished him for use in a correspondence course of study for the ministry. On the trial, these papers were offered in evidence, and objection was made that they were inadmissible because obtained by illegal search and seizure. It would be sufficient to answer this objection to say that the court will not at the trial form and pursue a collateral issue as to the legality of the possession of the defendant's papers by the Government. If the papers were otherwise admissible, the court will not inquire at the trial for the first time into the legality of the possession by the Government. The validity of the seizure could have been tested in a motion made before the trial for the return of the papers. No such motion was made. The papers were otherwise admissible, and there was no legal basis to object to their introduction. Adams v. People of State of New York, 192 U.S. 585, 24 S.Ct. 372, 48 L.Ed. 575; Rice v. United States, 251 F. 778.

■ Furthermore, the papers alleged to have been illegally seized and introduced in evidence were introduced to prove the defendant had used only one set of the papers to report only one lesson completed and sent in; and the defendant testified to the facts sought to be proved by the evidence introduced and claimed to have been seized illegally. If the seizure had been originally improper, the defendant by his testimony made the seizure harmless. Libera v. United States, 9 Cir., 299 F. 300, 301; Temperani v. United States, 9 Cir., 299 F. 365; White v. United States, 9 Cir., 16 F.2d 870, 872.

■ The court instructed the jury as follows: "If you believe from the evidence that any witness in this case has knowingly and wilfully testified falsely on this trial to any matter material to the issues in this case, then you are at liberty to disregard the entire testimony of such witness, except in so far as it has been corroborated, if you find it has been corroborated, by other credible evidence, or by facts and circumstances proven on the trial."

To give this instruction was error, the defendant says, because it left to the jury the question of determining for itself what evidence was material, citing People v. Wells, 380 Ill. 347, 44 N.E.2d 32, 142 A.L.R. 1262; and People v. Flynn, 378 Ill. 351, 38 N.E.2d 49. These cases do hold that such an instruction standing alone may constitute error. But the case cited of People v. Wells, supra, recognizes that if other instructions which define the material issues in the case are given as part of the same charge, the giving of the instruction herein complained of is not error. The trial court in the instant case instructed at length defining the material issues. The instruction complained of did not stand alone, but was supplemented by ample other instructions that clearly defined what the material issues in the case were. This supplied the fault pointed out by the defendant; and the giving of the instruction under the circumstances was not error. Henry v. United States, 50 App.D.C. 366, 374, 273 F. 330, 338; Mason v. United States, 5 Cir., 95 F.2d 612.

As the judge was excusing the jury, he stated: "Ladies and gentlemen, counsel has made a motion here for a directed verdict for the defendant. I am going to deny the motion and refuse the instruction."

■ We do not think this statement was prejudicial. Henry v. United States, 50 App.D.C. 366, 372, 273 F. 330, 336. Even if the statement were prejudicial standing alone, it was made harmless by the court's instructions that fully advised the jury to disregard any expressions of opinion the court might have made, disclaiming any intention to give expression to any opinion, and further instructing the jury as to their province.

■ Furthermore, the defendant made no objection to the court's statement at the time it was made and took no steps to correct any supposedly prejudicial conduct so as to give the court a chance to correct any mistake it might have made. The objection cannot be taken here for the first

time. United States v. Bass, 7 Cir., 64 F. 2d 467, 469; Luccioni v. United States, 6 Cir., 41 F.2d 741, 742; Baldwin v. United States, 9 Cir., 72 F.2d 810, 812.

The District Attorney made the following statement in addressing the jury: "Now, do you believe that Mr. Wernecke is a disciple of Mr. Hitler? Do you believe that Mr. Wernecke belonged to the German-American Bund and that he was interested in disseminating propaganda in this country through the Aryan Book Store as was testified to from the witness stand?"

■ To this statement, defendant's counsel objected that it was unfair, inflammatory, and outside the issues in the case. The trial court overruled the objection. No motion was made to take the case from the jury. One of the counts upon which the defendant was being tried was for evasion of service by falsely assuming and pretending to be a minister of the gospel. It was in evidence that the defendant had said: "We National Socialists in this country must do something because due to the war and the events in Europe we will not be able to call our meetings and have our gatherings under the old name. We must then find ways and means of preventing induction into the armed forces of this country of our brother national socialists."

It was also in evidence that the defendant had worked in a book store in Chicago known as the Aryan Book Store and had distributed the books and other literature of the German Library of Information. We take judicial notice that the National Socialists are the followers of Hitler, and that the notorious German Library of Information was an agency for the dissemination of Hitler's propaganda in this country. This was evidence quite persuasive that one who wished to keep National Socialists out of the draft would not be above pretending that he was a minister, as ministers are exempt from service under the Selective Training and Service Act. The statement was a fair comment upon the evidence and its applicability to the issues. Furthermore, it might have been considered proper rebuttal to the argument of the defendant's counsel in his attempt to purge the defendant of his apparent devotion to the cause of Hitler. The defendant's counsel argued quite extensively to persuade the jury that the defendant was free from the taint of Hitler Naziism. Such fair rebuttal argument cannot be considered error. United States v. Socony-Vacuum Oil Company, 310 U.S. 150, 241, 242, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. Skidmore, 7 Cir., 123 F. 2d 604, 610; Baker v. United States, 8 Cir., 115 F.2d 533, 544; Comeriato v. United States, 4 Cir., 58 F.2d 557, 558; Rice v. United States, 2 Cir., 35 F.2d 689, 695.

■ The defendant contends that he was classified as a minister by the only body authorized by law to make such classification, namely, his local Draft Board; that on the record, he is classified as a minister, and as such minister, he is entitled to exemption from service; and that this prosecution was a collateral attack upon the proceedings of the Draft Board.

In our opinion, this is not a collateral attack upon the determination of the Draft Board. The Draft Board determined the status of the defendant. The District Court, which is a court with criminal jurisdiction, did not attempt to change that status. It attempted only to try the defendant for his allegedly fraudulent conduct in obtaining that status. That is an issue the Draft Board could not try and determine. The action of the District Court was not a collateral attack in an effort to change the defendant's status, but a trial of the defendant for the allegedly fraudulent method by which he obtained that status, which enabled him to evade service.

The same act which makes it obligatory upon the local Draft Board to exempt theological students and ministers, and makes that local Board's decision final on that issue, also makes it obligatory upon a District Attorney to prosecute a fraudulent registrant who effects evasion of service thereby.

Some other minor points were mentioned in the brief of the defendant, but, after consideration, we find no substance in them.

We find no error in the record, and the judgment of the District Court is affirmed.