(No. 37177

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT HYNES, Plaintiff in Error.

*Opinion filed November 30, 1962.*

MELVIN B. LEWIS, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Albert Hynes, together with John Sipich and Jerome Kaufman were jointly indicted in the criminal

court of Cook County for the crime of armed robbery. Prior to trial Sipich died and Kaufman pleaded guilty and testified as a witness for the State in the trial of the defendant. The jury returned a verdict of guilty and the defendant was sentenced on the verdict to a term of not less than 10 nor more than 20 years in the penitentiary. A writ of error has been issued to review the judgment of conviction. This writ of error is not presented by the same attorney who represented the defendant at the trial.

The first contention advanced by the defendant is that the evidence was insufficient to establish his guilt beyond a reasonable doubt. We do not find it necessary to relate the evidence in any detail. The victim of the robbery, Fred Berland, and his wife, positively identified the defendant at the trial as one of the persons who had committed the robbery. Kaufman testified that the defendant, together with the witness, and Sipich, committed the robbery. The defendant argues that the identification testimony by Mr. and Mrs. Berland is entitled to no consideration because the evidence showed that when they first viewed the defendant at a police line-up about 6 months after the robbery, they were unable to identify him. The defendant attacks the testimony of Kaufman on the ground that he was an accomplice and that his testimony was incredible. Evidence that Mrs. Berland failed to identify the defendant at the police station and evidence that Kaufman was an accomplice was fully brought out before the jury, whose duty it was to pass upon the credibility of the testimony. The jury believed the testimony of the State's witnesses and we will not disturb their finding. We therefore hold that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt.

The next contention is that the misconduct of Fred Berland while on the witness stand deprived the defendant of a fair trial. In support of this contention, the defendant sets out at considerable length, both in his abstract and brief, verbatim excerpts from Berland's testimony purporting to

show that Berland was a recalcitrant witness and that he repeatedly argued with defense counsel. We do not believe that it is necessary for this opinion to discuss Berland's testimony in detail. We have read the entire testimony of this witness in the record, and while it does appear that in several instances the witness was uncooperative and evasive, the record also shows that the blame for his conduct rests in large part upon the conduct of defense counsel who insisted on repeating the same question to the witness after the witness had stated that he could not recall certain matters, and who berated the witness for his conduct and argued with the witness. Neither the conduct of the witness nor that of defense counsel is above reproach, but we are of the opinion that because of counsel's conduct the defendant is in no position to complain of the witness's attitude.

The defendant also contends that the State deliberately evoked incompetent evidence. It appears that Fred Berland had testified that when the defendant was brought before him at the police station, the witness said nothing, although he had been in the same room with the defendant for about one half hour. The prosecutor then asked, "Now, after he left the room, what happened then?" The witness replied, "I told the police officer those were the men that were in my house." Counsel immediately objected on the ground that this statement was hearsay. We need not consider whether the testimony so elicited was inadmissible, however, since we cannot say that the question of the prosecutor as to what happened was deliberately designed to produce an answer as to the conversation which the witness had with the police officer. Moreover, the trial court promptly sustained the defendant's objection and instructed the jury to disregard the answer. We are of the opinion that the answer of the witness was not of such a nature as to require a reversal of the judgment of conviction.

The defendant's final argument is that the prosecutor's argument to the jury was prejudicial and improper. The

prosecutor stated in his argument that Mrs. Berland was afraid to identify the defendant. She had testified on cross-examination that when she first viewed the defendant she was frightened and told the police that she was at that time unable to identify the defendant. She had testified that after a further conversation with the police officers she again viewed the defendant at which time she identified him. The argument of the prosecutor was fair argument based upon the testimony in the record and was obviously designed to anticipate defense counsel's argument that the witness did not at first identify the defendant. It was also argued that the prosecutor in his final argument improperly accused defense counsel of attempting to intimidate a prosecution witness. It was brought out at the trial that defense counsel attempted to interview Kaufman prior to Kaufman's testimony and that Kaufman refused to answer any of counsel's questions. The prosecutor referred to this in his argument and said that defense counsel had gone to Kaufman just before he got on the witness stand and "riled him up." This falls far short of any intimation that defense counsel threatened the witness.

Finally, it is contended that the prosecutor improperly called the jury's attention to the fact that the defendant had failed to testify. Kaufman had testified that on the day of the robbery the defendant was registered at a hotel and that the 3 robbers left the hotel about 9:00 in the defendant's car and that they all returned to the hotel after the robbery and split the proceeds of the robbery. Defense counsel argued that if the defendant had been registered at the hotel the State should have produced the hotel clerk in order to prove it. In the prosecutor's closing argument he stated that there was no evidence in the record that the defendant did not register at the hotel. The argument was a legitimate reply to defense counsel's argument that the State should have produced the clerk to prove that the defendant had

registered at the hotel and cannot be construed as an improper comment on the defendant's failure to testify.

After reviewing all of the record and all of the arguments advanced by the defendant in his brief, we are of the opinion that the defendant was found guilty beyond a reasonable doubt and that no prejudicial error occurred at the trial sufficient to require a new trial. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*