THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELÍ
PERALES FIGUEROA, Defendant and Appellant.

No. CR-64-477.        Decided October 13, 1965.

*Francisco Coll Moya* for appellant. *J. B. Fernández Badillo,
Solicitor General,* and *Américo Serra, Assistant Solicitor
General,* for The People.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the
Court.

The Prosecuting Attorney accused Elí Perales Figueroa
of a violation of Art. 260 of the Penal Code charging him
with intentionally committing a lascivious act with a 12-
year-old girl on August 13, 1962. The trial was held May 8,
1963 before a jury. The evidence of The People consisted
of the oral testimonies of that girl and her mother. The

defense did not offer any evidence whatsoever; the accused refused to testify and thus submitted the case. The jury found him guilty of the offense he was charged with.

On appeal he maintains, among other errors assigned, that the trial court erred in permitting the prosecuting attorney to comment on defendant's silence.

When the prosecuting attorney announced he had finished the presentation of the evidence, the defense submitted the case stating: "We said that that is our case. We don't have any evidence."

During the rebuttal argument to the jury the following took place:

"Prosecuting Attorney:

"What can the defendant do? Well, there is an alibi . . .

"Defense:

"Objection. The prosecuting attorney cannot manifest himself in that sense.

"Prosecuting Attorney:

"I was telling the members of the jury that among the attorney's arguments he told you and repeated it many times that what could the defendant do in a case like this but deny it is true. Well, he could have done many things, if he was not with that girl that night and if he did not do that, he must have been at some other place, he must have been with some other person at some other place . . . . If that girl testified before you for any reason whatsoever; if her father and mother forced her to come over here to testify about these filthy acts, that evidence is produced here. If this man had not been at such a place, he produces the evidence. If it had not happened that way you would have had that evidence here."

In his brief appellant states that the prosecuting attorney in his argument to the jury "enumerates a series of different things which the defendant should have done, the different evidence he could have brought to the jury to defend himself and then he underscores his argument emphasizing the fact that if the facts were not exactly as they are re-

ported in the evidence of The People the accused should have brought that evidence to the court."

On the other hand the Solicitor General maintains (a) that the above-copied statements of the prosecuting attorney do not constitute a comment on the silence of the defendant, (b) that they refer to the evidence the defendant could produce if he thought that the evidence of The People was false, (c) they responded to statements of the defense attorney in the sense that the only thing the defendant could do in a case like this was to deny the facts, and (d) that "the judge gave instructions on defendant's right not to testify and on the prohibition of taking such refusal to testify as an incriminating circumstance."

■ Our Code of Criminal Procedure since its approval in 1902, provided in its §§ 7 and 29(2) that: "No person can be compelled, in a criminal action, to be a witness against himself" and "if the defendant does not testify that fact can not be used against him." The Organic Act of 1917 in its § 2, paragraph 3 provided that: "no person . . . shall be compelled in any criminal case to be a witness against himself." Our Constitution of 1952 provides in § 11 of its Art. II that: "No person shall be compelled in any criminal case to be a witness against himself and the failure of the accused to testify may be neither taken into consideration nor commented upon against him." Our decisions have protected those fundamental rights.[1] Amendments 5th and 14th to the Federal Constitution and the Legislatures of forty-four states of the Union guarantee them.—*Griffin* v. *Califor-*

---

[1] See: *People* v. *Roldán et al.*, 27 P.R.R. 719, 723 (1919); *People* v. *Estrada*, 51 P.R.R. 791, 798 (1937); *People* v. *Díaz*, 69 P.R.R. 577, 585 (1949); *People* v. *Velázquez*, 72 P.R.R. 40, 49 (1951); *People* v. *Alvarez*, 85 P.R.R. 569, 572 (1962); *People* v. *Cotto Torres*, 88 P.R.R. 22 (1963), resolutions in reconsideration dated June 28, 1963, 88 P.R.R. 38, and December 18, 1963, 88 P.R.R. 39, and *People* v. *Verdejo Meléndez*, 88 P.R.R. 202 (1963).

*nia*, 380 U.S. 609; *People* v. *Modesto*, 398 P.2d 753, 762 (Cal.).

█ Defendant's silence on his fate—efficient tool for the guarantee of the presumption of innocence and the privilege of not incriminating himself—deserves the deepest respect; its invasion is not allowed to anyone; any attempt to change it into an incriminating factor or element shall not be permitted. To suggest or insinuate motivations for defendant's silence or to produce explanations regarding it on the basis of a hypothetical certainty of the evidence of The People, susceptible of being ultimately construed as a demonstration of guilt, or capable of disturbing the serenity or equanimity of the jury, is tantamount to its effective and prejudicial violation.

The words of the prosecuting attorney, even though they were said in rebuttal of the statements of the defense attorney, insinuated to the jury that the defendant had remained silent during the trial and had not introduced any evidence in his behalf because it was true that (1) he had been with the girl that night, (2) that the girl had testified voluntarily and (3) that everything had "happened thus", the way the girl testified.

In *People* v. *Díaz*, already cited, we said among other things:

"The right of a defendant not to testify and that such circumstance shall not create any presumption against him, should not be invaded by the district attorney with unfavorable remarks or insinuation of any kind. If it were so invaded, he should receive from the judge presiding the trial the most severe and prompt rebuke for improper conduct; and the court should at once properly charge the jury, so that in the minds of the triers of fact there might remain no trace whatsoever that such remarks were made before them."

In the case at bar the respondent did not give the specific instructions to the jury on defendant's right not to take

the witness stand and not to produce any evidence in his behalf; neither at that moment nor at any other time during the trial was there any "severe and prompt rebuke for improper conduct" of the prosecuting attorney in the case. Apparently it considered those statements licit or harmless. It limited itself in its general instructions to transmit the routine instruction on what "the law provides" regarding the right of the defendant to either testify or not, which in no way cured the error committed.

In *People* v. *Velázquez*, which we have also already cited, referring to *People* v. *Díaz*, we stated:

"In said case the court acted promptly and gave the jury specific instructions which it subsequently enlarged in the general instructions, and we decided that the error assigned had been cured.

"We cannot reach the same conclusion in the present case. Not only did the court fail to censure the words of the prosecuting attorney and charge the jury promptly so that they would not consider them and in said way cure the error, but neither was the error cured in the general instructions, since the court justified said words as a lawful argument of the prosecuting attorney, which although it did not constitute evidence it meant to clear the truth as he deemed best and in addition it erred in holding that the comment of the prosecuting attorney did not refer to the silence of the defendant."

In the case of *Griffin* v. *California*, above-cited, § 13 of Art. I of the Constitution of the State of California which allowed the judge and the prosecuting attorney to comment adversely the silence of the defendant and which the jury could consider in its deliberations was declared unconstitutional. The summary of the opinion reads:

"Comment to the jury by a prosecutor in a state criminal trial upon a defendant's failure to testify as to matters which he can reasonably be expected to deny or explain because of facts within his knowledge or by the court that the defendant's silence under those circumstances evidences guilt violates the

Self-Incrimination Clause of the Fifth Amendment of the Federal Constitution as made applicable to the States by the Fourteenth."

■ For the foregoing reasons we conclude that that error was committed. Our disposal of the case makes it unnecessary to discuss the other errors assigned, which, if committed, would not have given ground for the acquittal of the defendant-appellant.[2]

The judgment appealed from will be reversed and the case remanded for a new trial.

Mr. Justice Pérez Pimentel dissented. Mr. Justice Ramírez Bages dissented in a separate opinion in which Mr. Justice Blanco Lugo, who also dissented, concurs.

—O—

MR. JUSTICE RAMÍREZ BAGES, with whom MR. JUSTICE BLANCO LUGO concurs, dissenting.

San Juan, Puerto Rico, October 13, 1965

Because I am not in agreement with the terms of the opinion entered in this case by my Brother Hernández Matos, I feel bound to dissent for the reasons hereinafter stated.

The prosecuting attorney made reference to the absence of alibi proof or of an explanation for the reason of why the girl testified or of the fact as to whether her parents forced her to testify. In other words, the statements of the prosecuting attorney could reasonably refer to the fact that the defendant failed to offer testimonies of the witnesses and not to the fact that he did not testify. As said facts

---

[2] For a more appropriate case, we shall leave the determination of the question of whether or not the error committed in commenting defendant's silence adversely is curable by means of the severe reprimand to the prosecuting attorney and specific instructions given promptly to the jury, that is, whether the doctrine in *People* v. *Roldán et al.*, already cited, should be reinstated.

could be established through evidence of other witnesses, it may not be reasonably and necessarily inferred that reference was being made to defendant's silence. In my judgment the comment in question does not violate the constitutional guarantee because it did not make direct reference to defendant's silence. It cannot be considered either as indirect reference to said silence inasmuch as its scope is limited to pointing out the defenses defendant could have adduced and they could have been proved by the testimony of other witnesses. In *People* v. *Cotto Torres*, 88 P.R.R. 22 (1963), we said that the statement of the prosecuting attorney in opposing the testimony of a witness—who was going to testify on what the defendant said—because "the defendant is here to say it, if he wants to say it," does not constitute a comment on the silence of the defendant because "it was not expressly stated, nor may it be inferred from said comment, that any insinuation was made as to defendant's silence."

In *United States* v. *Wright*, 309 F.2d 735 (7th Cir. 1962), the statement of the prosecuting attorney to the jury was sustained: that "You heard the evidence from the witness stand under oath, and as to Defendant . . . Wright it is unrefuted and undenied. Out of one hundred and seventy million people in the United States not one witness took that stand to refute the Government's case. Not from New York or anywhere they would come." Upon sustaining this statement the court said:

"The Supreme Court has held that the Fifth Amendment and 18 U.S.C. § 3481 preclude any comment or argument about a defendant's failure to take the stand in a criminal trial. . . . This rule, however, must be interpreted in the light of reason and it must appear that 'the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused. . . .'" We are in accord with what was said in Langford. . . ."

In *Langford* v. *United States*, 178 F.2d 48 (9th Cir. 1949), in his argument to the jury the prosecuting attorney said: "I think it is significant that the defendant did not go on the stand and the defendant has no witness to impeach the stories of Miss Jones and Mr. Bryant." The court sustained this statement ruling to the effect that:

"The comment which is prohibited is one which is likely to suggest that the jury should draw adverse inferences from the accused's failure to testify. The substance of the remark here made was that the testimony of Miss Jones and Mr. Bryant was not contradicted. It is true that the prosecutor prefaced this by referring to the fact that the defendant did not go on the stand, a fact which the jury of course knew. But we do not think that the statement, considered in its entirety, would increase the likelihood that the jury would draw adverse inferences from defendant's failure to testify. And, except in those special cases where it appears that the accused himself is the only one who could possibly contradict the government's testimony, Linden v. U.S., 3 Cir., 296 F. 104, the prosecutor may properly call attention to the fact that the testimony of the government witnesses has not been contradicted."

The opinion in *Langford, supra,* as well as that in *Wright, supra,* were more recently sustained in *Sterling* v. *United States*, 333 F.2d 443 (9th Cir. 1964), *cert. denied,* 379 U.S. 933. The statements of the prosecuting attorney sustained as not improper were to the effect that:

"Now, in this case no evidence was offered by the defense to controvert the obvious circumstantial evidence of intent. . . .

"There was no evidence offered by the defense to show that this was their whiskey. There was no evidence offered by the defense to show that this was a mistake."

The court ruled that there was merit in the statement of the prosecuting attorney sustaining that this statement was not improper, that the appellant was not the only person who could have been introduced as witness to establish his

lack of intention. *United States* v. *Borda,* 285 F.2d 405 (4th Cir. 1961), *cert. denied,* 365 U.S. 844.

In *State* v. *Maxwell,* 376 S.W.2d 170 (Mo. 1964), it was held as correct for the prosecuting attorney to ask in his closing argument: "Did the defense offer any testimony that he was somewhere else at the time of this occurrence?" *State* v. *Hayzlett,* 265 S.W.2d 321 (Mo. 1954); *Alford* v. *State,* 255 S.W.2d 519 (Texas 1953); *Francis* v. *Commonwealth,* 224 S.W.2d 163 (Ky. 1949); *Cascio* v. *State,* 210 S.W.2d 897 (Ark. 1948).

In the case of *Griffin* v. *California,* 380 U.S. 609 (1965), on which the majority opinion mostly rests is not at odds either with our conclusion inasmuch as the prosecuting attorney's comment in this case made *direct* reference to defendant's silence. There could not have been any doubt in this because at the end of his comment the prosecuting attorney added: "These things he [defendant] has not seen fit to take the stand and deny or explain."

Even supposing that the prosecuting attorney's comments were considered as an improper reference to the silence of the defendant, they did not constitute a violation of the constitutional guarantee because they were induced and provoked by the defense itself upon inquiring in turn, after declaring that it did not have any other evidence, "what could the defendant do in a case like this, but to say that this is not true?" The rule established is that the guarantee referred to becomes inoperative when the defense induces and provokes the prosecuting attorney's comments or "its relation with that expressed by the defense results clear." *People* v. *Verdejo Meléndez,* 88 P.R.R. 202 (1963). *Comment on Defendant's Failure to Testify,* 4 Hastings L.J. 63, 66 (1952–53). *Cf. People* v. *Estrada,* 51 P.R.R. 791, 796, 797 (1937). So, in *Baker* v. *United States,* 115 F.2d 533 (8th Cir. 1940), *cert. denied,* 312 U.S. 692, in which the defendant did not testify, his attorney informed the jury that "this

man Bunker had testified that Norman Baker [the defendant] had said . . . that he would rob the suckers of America of a million dollars or more. I don't know what you thought about Bunker. . . . I think the e–r ought to be left off his name—and he ought to be called pure Bunk." To this the prosecuting attorney replied that "If Bunker is a Bunk, why didn't you prove it? But they were silent—they are as dumb as the dead and silent as the tomb until they come to argue and then they want to denounce the fellow." The court stated: "It thus appears that counsel for defendants provoked the remarks of the Assistant District Attorney by assailing the veracity and credibility of Bunker. Counsel may make any argument which is based upon evidence or reasonable inferences therefrom and *may reply to argument of opposing counsel, and in doing so may make statements which might otherwise be improper*." (Italics ours.) *Malone* v. *United States*, 94 F.2d 281 (7th Cir. 1938). A fair reply to attorney's argument does not violate either the constitution or the statute. *Comeriato* v. *United States*, 58 F.2d 557 (4th Cir. 1963); *Rice* v. *United States*, 35 F.2d 689 (2d Cir. 1929); *Kearns* v. *United States*, 27 F.2d 854 (9th Cir. 1928); *People* v. *McElroy*, 196 N.E.2d 651 (Ill. 1964); *People* v. *Hynes*, 187 N.E.2d 252 (Ill. 1963); *Freeman* v. *State*, 216 S.W.2d 864 (Ark. 1949); *Pedigo* v. *Texas*, 160 S.W.2d 963 (Texas 1942); *Teague* v. *State*, 52 P.2d 91 (Okl. 1935).

For the foregoing reasons I conclude that said comment of the prosecuting attorney did not constitute a violation of the constitutional guarantee of not commenting defendant's silence and, therefore, the judgment appealed from should be affirmed.